IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MARK T. HOOTEN,
    Plaintiff

VS.

JOSEPH FOWLKES, *et al.*,
    Defendants

CIVIL ACTION NO. 5:11-CV-115 (CAR)

# RECOMMENDATION

Plaintiff **MARK T. HOOTEN** has filed a Motion for Preliminary Injunction. In this motion, he requests the Court to issue a preliminary injunction ordering the Defendants to "provide the Plaintiff with prescribed treatment from his doctor, and for this to be done by transferring him to the Hall or Jackson County camp, which are within close proximity to his doctor, or by providing him equal prescribed treatment at an equivalent facility and doctor."

The Eleventh Circuit Court of Appeals has explained as follows:

> A district court may grant injunctive relief if the movant shows the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

"'A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the "burden of persuasion" as to the four requisites'." ***All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc***., 887 F.1535, 1537 (11th Cir. 1989)(citations omitted).

Plaintiff has not met the four prerequisites for the issuance of a preliminary injunction. At this stage in the litigation, Plaintiff has not shown a "substantial likelihood of success on the merits." *McDonald's Corp.*, 147 F.3d at 1306. Moreover, even if Plaintiff were to succeed, the Court could not order the Georgia Department of Corrections to transfer Plaintiff to any particular facility. *See Meachum v. Fano*, 427 U.S. 215 (1976) (a prisoner has no constitutional right to remain in, or be transferred to, any particular facility).

In an attempt to establish the final two elements of the preliminary injunction inquiry, Plaintiff has merely stated that "the threatened injury outweighs any damage that the injunction may cause on the Defendants, and that an injunction will not disserve the public interest." The Court finds that such conclusory allegations are inadequate for Plaintiff to carry the "burden of persuasion" as to these two elements. This is especially true in light of the deference that the federal courts must afford state prison officials in their administration of state prisons. *See generally Preiser v. Rodriquez*, 411 U.S. 475, 491-92 (1973).

It is therefore **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this Order.

**SO ORDERED and RECOMMENDED**, this 1st day of April, 2011.

                                        s/ Charles H. Weigle
                                        Charles H. Weigle
                                        United States Magistrate Judge

lnb