IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MARK T. HOOTEN,  :
           **Plaintiff**  :
VS.  :    CIVIL ACTION NO. 5:11-CV-115 (CAR)
JOSEPH FOWLKES, et al.,  :
           **Defendants**  :

## ORDER & RECOMMENDATION

Plaintiff **MARK T. HOOTEN**, an inmate at Wilcox State Prison, in Abbeville, Georgia, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Having reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a), the Court finds that Plaintiff states non-frivolous claims against Defendants Dr. Joseph Fowlkes, Dr. Monica Hill, Warden Robert Toole, Nurse Virginia Cox, Nurse Connie Kilgore, Counselor Nancy Davis, Warden Todd Tripp, Chief Counselor Melinda Thompson, and Dr. Nick Taylor based on their alleged failure to provide him with adequate medical care. It is **RECOMMENDED**, however, that Plaintiff's claims against Commissioner Brian Owens and the John Doe Defendants and Plaintiff's claim for injunctive relief against Defendant Dr. Joseph Fowlkes be **DISMISSED** under 28 U.S.C. §1915A(b)(1) for failure to state a claim. Plaintiff's Motion to Amend his Complaint [Doc. 9] is **GRANTED** in part and **DENIED** in part.

# STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state

law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. §1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in §1915A "shall" be dismissed on preliminary review).

## STATEMENT AND ANALYSIS OF CLAIMS

In his Complaint, Plaintiff **MARK T. HOOTEN** ("Plaintiff") alleges that he was denied adequate medical care for a hip deformity. Plaintiff names a total of ten Defendants: **Dr. Joseph Fowlkes**, **Dr. Monica Hill**, Warden **Robert Toole**, Nurse **Virginia Cox**, Nurse **Connie Kilgore**, Commissioner **Brian Owens**, Counselor **Nancy Davis**, Warden **Todd Tripp**, Chief Counselor **Melinda Thompson**, and "**John Does**."

According to the allegations in the Complaint, Plaintiff was arrested for violation of his probation in November of 24, 2009 and initially incarcerated at the Jones County L.E.C. On September 2, 2010, Plaintiff was transferred to the Jackson Diagnostic Prison and transferred again, on September 21, 2010, to Wilcox State Prison, where he is now housed. Plaintiff has long suffered from a hip deformity that causes him to be off balance, with a noticeable right leg atrophy and constant limp. Prior to his incarceration, Plaintiff was receiving regular medical treatment which included "chiropractic adjustment and manipulation" and was referred to a "neurological specialist."

The Complaint alleges that, upon his arrival to Jackson Diagnostic Prison, Plaintiff presented the medical staff with two letters from his physicians which provided details about his medical condition, recommendations for treatment, and discussion of possible medical problems which could

result if Plaintiff's condition was not treated. Defendant **Dr. James Fowlkes** apparently examined Plaintiff and advised him that he could retain his "New Balance" street shoes and shoe lifts. Dr. Fowlkes likewise provided Plaintiff with profiles for a bottom bunk, no prolonged standing or walking, and lower range housing. After his examination, Plaintiff attempted to retrieve his "New Balance" shoes only to be told by guards that his shoes would be "destroyed." In the days that followed, Plaintiff requested to see Dr. Fowlkes again about his shoes and the pain caused by walking in state prison boots, but Dr. Fowlkes cancelled each appointment that was made.

Shortly thereafter, officials transferred Plaintiff to Wilcox State Prison. According to the allegations in the Complaint, Plaintiff was seen by Nurse **Virginia Cox** at Wilcox on multiple occasions. On the first visit, Plaintiff presented Nurse Cox with his physician letters and complained of severe leg, foot, and back pain he experienced as a result of not having the proper shoes or shoe inserts. Plaintiff requested an examination and treatment for sores that had developed from wearing the state prison boots. Nurse Cox refused to examine Plaintiff or provide him with pain medication; she only offered to order half-inch shoe lifts for him and provide band-aids for his sores. On multiple other occasions that followed, Nurse Cox similarly refused to examine Plaintiff, treat his sores, provide medication, or aid him in receiving the proper shoe lifts. Another nurse in the Wilcox medical facility, Nurse **Connie Kilgore**, also allegedly failed to provide Plaintiff with medication or treatment for his leg, back, and foot condition.

When his shoe lift did not arrive in due time, Plaintiff allegedly wrote a letter to Warden **Robert Toole** requesting assistance in obtaining the proper shoe lift and explaining that he suffered pain in his feet and needed medical treatment. Warden Toole only responded that the requested shoe lift was on order. According to the Complaint, neither Warden Toole, Care and Treatment Warden **Todd Tripp**, nor Chief Counselor **Melinda Thompson** acted to ensure that Plaintiff was provided

with needed medical care, despite "being fully aware of his serious medical need and prescribed treatment." Plaintiff further notified Commissioner **Brian Owens**, through the grievance appeals procedure, about his dilemma but received no response.

The Complaint alleges that, after nearly a month of waiting, prison officials finally provided Plaintiff with a shoe wedge, but it was a quarter of the length prescribed and did not properly fit his prison boot. The wedge in fact caused additional discomfort and injury. Plaintiff allegedly wrote to Counselor **Nancy Davis** to inquire about a doctor's appointment at the Augusta Medical Prison. He claims to have explained to her his medical condition and resulting pain. Counselor Davis simply responded that she "did not know," and she "failed to inquire further."

According to the Complaint, Plaintiff was finally seen by a prosthetic examiner at the Augusta Medical Prison in December of 2010 – three months after his arrival at Wilcox. Plaintiff claims that he was told **Dr. Monica Hill** had not put in a request for him to see a doctor, only for a shoe lift. Plaintiff was allegedly told that he would receive two padded shoe inserts and one full-length insert. A month later, however, Plaintiff was provided a shoe wedge that was "different" than the one prepared by the Augusta Medical Prison. The wedge was identical to the one he had received before; it was too small and caused additional pain. A few weeks later, Plaintiff was finally able to see a physician at Wilcox, **Dr. Nick Taylor**. Dr. Taylor did not examine Plaintiff but told him that he could receive shoes and lifts from home. Plaintiff then wrote to Counselor **Nancy Davis** and the medical staff and requested the forms necessary to receive shoes from home. Plaintiff allegedly wrote to Counselor Davis about this three times, but she never responded.

Thus, through the present action, Plaintiff seeks to recover money damages from the named Defendants for failure to provide him with adequate medical care for his serious leg, foot, and back condition in violation of his Eighth Amendment rights. Plaintiff further seeks injunctive relief.

Though Plaintiff does not specify the type of injunctive relief sought, the Court assumes that Plaintiff is requesting relief which requires Defendants to provide him with the necessary medical treatment for his established condition.

To the extent Plaintiff states a claim for injunctive relief against **Dr. James Fowlkes**, it is **RECOMMENDED** that his claim be **DISMISSED**. According to the Complaint, Dr. Fowlkes treated Plaintiff at Jackson Diagnostic Prison. Plaintiff cannot obtain injunctive relief against officials at the Jackson Diagnostic Prison because he is no longer incarcerated at that facility. Under established law in this Circuit, a prisoner's claim for injunctive relief is mooted by his transfer to another prison. Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985).

The Court likewise **RECOMMENDS** that Plaintiff's claim against Commissioner Brian Owens be **DISMISSED**. Plaintiff's sole allegation against Commissioner Owens is that he was made aware of the alleged denial of medical care "through the grievance appeals procedure." "Merely 'filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied.'" Nichols v. Burnside, 2011 WL 2036709 *3 (M.D.Ga. April 21, 2011) (quoting Owens v. Leavins, 2006 WL 1313192, at *2 (N.D.Fla. May 12, 2006)). Thus, "[p]rison officials who were not involved in the alleged constitutional violation, and whose only roles involved the denial of administrative grievances or the failure to act, are not liable under § 1983." O'Connor v. Carnahan, 2011 WL 1326446 *4 (N.D. Fla. April 6, 2011) (citing Grinter v. Knight, 532 F.3d 567 (6th Cir. 2008); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999), cert. denied 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000)).

Plaintiff has also named "John Does" in the caption of his Complaint, but makes no

allegations of wrongdoing with respect to any "John Doe." The United States Court of Appeals for the Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendants with the alleged constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Because Plaintiff fails to make any allegations against Defendants **JOHN DOES**, it is **RECOMMENDED** that they be **DISMISSED** from this action pursuant to 28 U.S.C. §1915A(a)(1).

For the same reason, Plaintiff's Motion to Amend [Doc. 9] must be **DENIED** in part. In his Motion, Plaintiff moves to add the Medical College of Georgia, Georgia Correctional Health Care, and the Board of Regents of the University System of Georgia as defendants. The Complaint, however, contains no allegations against these entities, and none of Plaintiff's factual allegations connect these entities to any existing claim. Because Plaintiff's proposed amendment fails to state a claim against the Medical College of Georgia, Georgia Correctional Health Care, and the Board of Regents of the University System of Georgia, amendment of the Complaint to add them would be futile. See Butler v. Prison Health Svc., Inc., 294 Fed. Appx. 497, 500 (11th Cir. 2008) (proposed amendments which only identified new defendants and did not address merits of claims were futile); Christman v. Walsh, 2011 WL 721302 *2 (11th Cir. March 2, 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss.") (citing Coventry First, LLC v. McCarty, 605 F.3d 865, 869 (11th Cir. 2010)). However, to the extent Plaintiff seeks to voluntarily withdraw any claims under the Georgia Tort Claims Act, his Motion is **GRANTED**.

Plaintiff's claims against the remaining Defendants for failure to provide adequate medical care will be allowed to go forward. In order to state a viable an Eighth Amendment claim for inadequate medical treatment, a plaintiff must allege acts or omissions amounting to deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). These allegations must satisfy both an objective and subjective component. Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994), overruled in part on other grounds, Hope v. Peltzer, 536 U.S. 730, 739 (2002). Thus, to survive a frivolity review, a plaintiff first must allege that he has an objectively serious medical need which poses a substantial risk of serious harm if left unattended. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). A medical need is serious if it has been diagnosed by a doctor as mandating treatment or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention. Hill, 40 F.3d at 1187. The plaintiff's allegations must also suggest that the defendant had subjective knowledge of a risk of serious harm to the plaintiff and disregarded that risk. Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005). Inadvertence or mere negligence in failing to provide adequate medical care does not rise to a constitutional violation. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). "[M]edical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

Accepting the allegations in Plaintiff's Complaint as true, the Court finds that Plaintiff has met the requisite burden for stating a non-frivolous Eighth Amendment claim for inadequate medical treatment against each remaining Defendant. Plaintiff alleged both (1) that he has an objectively serious medical need which poses a substantial risk of serious harm if left unattended and (2) that the remaining Defendants had subjective knowledge of a risk of serious harm to Plaintiff and

disregarded that risk. Therefore, the Court will allow Plaintiff's claim against **Dr. Joseph Fowlkes**, **Dr. Monica Hill**, Warden **Robert Toole**, Nurse **Virginia Cox**, Nurse **Connie Kilgore**, Counselor **Nancy Davis**, Warden **Todd Tripp**, Chief Counselor **Melinda Thompson**, and **Dr. Nick Taylor** to proceed beyond the frivolity review stage. It should be noted, however, that while the Complaint includes allegations against Dr. Nick Taylor, Plaintiff failed to list him a defendant. The Clerk will thus be directed to add Dr. Nick Taylor as a party.

## CONCLUSION

Accordingly, the Court **RECOMMENDS** that Plaintiff's claims against Commissioner **Brian Owens** and the **John Doe** Defendants and Plaintiff's claim for injunctive relief against Defendant **Dr. Joseph Fowlkes** be **DISMISSED** under 28 U.S.C. §1915A(b)(1) for failure to state a claim. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this order. The Court further **ORDERS** that Plaintiff's Motion to Amend the Complaint [Doc. 9] be **DENIED** to the extent that he seeks to add the Medical College of Georgia, Georgia Correctional Health Care, and the Board of Regents of the University System of Georgia as parties to this action. His Motion is **GRANTED**, however, with respect to his request to withdraw any claims stated under the Georgia Tort Claims Act.

Because the Court finds that Plaintiff states plausible claims against Defendants **Dr. Joseph Fowlkes**, **Dr. Monica Hill**, Warden **Robert Toole**, Nurse **Virginia Cox**, Nurse **Connie Kilgore**, Counselor **Nancy Davis**, Warden **Todd Tripp**, Chief Counselor **Melinda Thompson**, and **Dr. Nick Taylor** this action shall go forward but only against these Defendants. Because Plaintiff failed to list Dr. Nick Taylor as a defendant in his Complaint, the Clerk of Court is **DIRECTED** to add **Dr. Nick Taylor** to the style of this case as a party defendant.

It is further **ORDERED** that service be made against these Defendants, and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of their duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

Plaintiff was not required initial partial filing fee. He is, however, obligated to pay the filing fee, as is directed later in this Order and Recommendation. The Clerk of Court is **DIRECTED** to send a copy of this Order and Recommendation to the business manager of Wilcox State Prison.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel,

however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.

The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to

the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 1st day of June, 2011.

                                            s/ Charles H. Weigle
                                            Charles H. Weigle
                                            United States Magistrate Judge

jlr