IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MARK T. HOOTEN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No.** |
| v. | : | **5:11-CV-115-CAR-CHW** |
| | : | |
| JOSEPH FOWLKES, et. al, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

_____

ORDER ON RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Currently before the Court is the United States Magistrate Judge's Recommendation [Doc. 11] that certain claims and Defendants be dismissed from this action under 28 U.S.C. § 1915A and Plaintiff's Objection thereto [Doc. 19]. Pursuant to 28 U.S.C. ▪ 636(b)(1), this Court has thoroughly considered both the Recommendation and Objection and has made a *de novo* determination of the portions of the Recommendation to which Plaintiff objects.

Plaintiff presently states three general objections to the Recommendation. He first objects to the Magistrate Judge's recommendation that Commissioner Brian Owens be dismissed from this action. Plaintiff asserts that "Mr. Owens is not merely operating

in a supervisory position but possesses final authority in determining the policies that other Defendants follow."

After a review of the Complaint, the Court agrees with the Magistrate Judge that Plaintiff failed to state a cognizable claim against Commissioner Owens. Plaintiff did not sufficiently allege the existence of any unlawful policy or practice in his Complaint; Plaintiff merely stated that he advised Commissioner Owens of the alleged constitutional violations through the grievance appeals procedure but received no response. As explained by the Magistrate Judge, "[m]erely 'filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied.'" Nichols v. Burnside, 2011 WL 2036709 *3 (M.D. Ga. April 21, 2011) (quoting Owens v. Leavins, 2006 WL 1313192, at *2 (N.D. Fla. May 12, 2006)). A blanket conclusory allegation that Commissioner Owens was aware and failed to remedy Plaintiff's problem is insufficient to state a claim upon which relief may be granted. See Thompson v. Carani, 2007 WL 2317290 at * 2 (S.D. Ga. Aug. 10, 2007); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability on official who merely failed to act based on information contained in the grievance); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that commissioner could be held liable for damages based on receipt of a letter describing allegedly improper prison conditions).

Plaintiff also objects to the recommendation that any claims for injunctive relief

against Dr. James Fowlkes be dismissed for failure to state a claim.  Plaintiff contends that he did not intend to state a claim for injunctive relief against Dr. Fowlkes but instead intended to state a claim against "Wilcox State Prison's medical department" because "they do not offer the prescribed treatment."  Again, the Court finds no error in the Magistrate Judge's recommendation. Plaintiff cannot obtain injunctive relief against officials at the Wilcox State Prison because he is no longer incarcerated at that facility. The Court's Docket indicates that Plaintiff is now imprisoned at the Coffee Correctional Facility in Nicholls, Georgia.  Under established law in this Circuit, a prisoner's claim for injunctive relief is mooted by his transfer to another prison.  Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). Moreover, "Wilcox State Prison medical department" is not a proper party to this action. A prison's medical department is not a person or an entity subject to suit under 42 U.S.C. § 1983.  Spires v. Paul, 2011 WL 2604726 at *2 (S.D. Ga. June 7, 2011).

Finally, Plaintiff objects to the Magistrate Judge's order denying Plaintiff's Motion to Amend his Complaint to the extent that he sought to add the Medical College of Georgia, Georgia Correctional Health Care, and the Board of Regents of the University System of Georgia as defendants. The Court construes this objection as a motion for reconsideration. After review, the Court also finds that Plaintiff failed to state a claim against these entities and thus amendment to add them would be futile.  Nothing in the Magistrate Judge's Order, however, prevents Plaintiff from filing a new motion for leave

to amend his Complaint so long as he does so pursuant to Rule 15 of the Federal Rules of Civil Procedure.

Therefore, after careful consideration, the Court accepts and adopts the findings, conclusions, and recommendations of the United States Magistrate Judge. The Court finds no error in the Magistrate Judge's Recommendation and finds that Plaintiff's objections lack merit. The Recommendation of the United States Magistrate Judge is accordingly **ADOPTED** and **MADE THE ORDER OF THE COURT**.

SO ORDERED, this 17th day of August 2011.

S/   C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

jlr